Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com
*Attorneys for Plaintiff*

| | |
|---|---|
| **TAMMY CLARK**, *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff*,<br>v.<br><br>**COVERAGEX LLC**,<br><br>*Defendant*. | Civil Case No.:<br><br>**CLASS ACTION COMPLAINT SEEKING NATIONWIDE OR STATEWIDE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the illegal marketing practices of Defendant, CoverageX, LLC ("Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and provisions of the Texas Business & Commerce Code ("TBCC").

2. Defendant makes, or has made on its behalf, telemarketing calls soliciting its auto and home warranty products and services.

3. These calls are made to individuals on the National Do-Not-Call

Registry.

4. The TCPA and TBCC prohibit making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

5. Accordingly, Ms. Clark brings this action on behalf of herself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

8. This Court has jurisdiction over Defendant because Defendant is headquartered in this District, conducts business transactions in this District and Defendant made calls from this District as part of the business it conducts in this District.

9. Venue is proper in this District because Defendant is headquartered in this District and because some of the wrongful conduct giving rise to this case occurred in and/or were directed from this District.

## PARTIES

10. Plaintiff Tammy Clark ("Ms. Clark") is, and at all times mentioned herein was, a citizen and resident of Farmers Branch, Texas.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

13. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

14. Defendant is, and at all times mentioned herein was, a Delaware limited liability company headquartered at 450 Newport Center Drive, Suite 100, Newport Beach, California 92660.

15. Defendant may be served via its registered agent Incorp Services, Inc. located at 5716 Corsa Avenue, Suite 110, Westlake Village, CA 91362.

16. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

18. Defendant is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## RELEVANT TCPA BACKGROUND

19. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

20. Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

21. These regulations are codified at 47 C.F.R. §§ 64.1200(c)( 2).

22. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

23. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through 47 U.S.C. § 227(c) of the TCPA.

## RELEVANT TEXAS BUSINESS COMMERCE CODE BACKGROUND

24. Texas Business Commerce Code § 302.101 provides that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TBCC § 302.101(a).

25. A violation of TBCC § 302.101(a) carries statutory damages of up to $5,000 per violation. TBCC § 302.302.

26. Texas Business Commerce Code § 305.053 provides that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." TBCC § 305.053(a).

27. A violation of TBCC § 305.053 carries statutory damages of $500 for each violation and $1,500 for each violation "if the court finds the defendant committed the violation knowingly or intentionally." TBCC § 305.053(b),(c).

28. Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on

whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations”). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers “may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.” *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

29. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

## FACTUAL ALLEGATIONS

30. Ms. Clark is the sole and customary user of a cellular telephone number (XXX)-XXX-7757.

31. Ms. Clark’s cellular telephone number (XXX)-XXX-7757 is used for residential purposes and is not associated with a business.

32. Ms. Clark’s cellular telephone number has a Texas area code.

33. Ms. Clark’s cellular telephone number (XXX)-XXX-7757 has been on the National Do-Not-Call Registry since July 28, 2017.

34. Ms. Clark placed her cellular telephone number (XXX)-XXX-7757 on the National Do-Not-Call Registry because she did not want unsolicited telemarketing messages, such as the ones at issue here.

35. In November 2025, Ms. Clark began receiving telephone calls and messages from Defendant soliciting her to purchase a vehicle warranty from Defendant.

36. For example, on November 7, 2025 at 11:17am, Ms. Clark received the following unsolicited telemarketing message from Defendant:




37. Prior to receiving this telemarketing message, Ms. Clark received calls from Defendant soliciting her to purchase vehicle warranty coverage from Defendant.

38. During these calls, Ms. Clark told Defendant that she was not

interested and not to call her.

39. Nevertheless, Defendant continued to place unwanted telemarketing calls to Ms. Clark soliciting her to purchase a vehicle protection plan.

40. For example, on November 24, 2025, Ms. Clark received the following unsolicited telemarketing message from Defendant:




41. On December 8, 2025, Ms. Clark received two unsolicited telemarketing calls from Defendant.

42. These calls came from telephone number 940-309-3543 and 369-564-8121.

43. When Ms. Clark answered the calls, the representatives stated that the call was in regards to her vehicle and informed her that the warranty was expired or about to expire.

44. During these calls, Defendant attempted to solicit Ms. Clark to purchase a vehicle warranty and identified their company as CoverageX.

45. Ms. Clark informed the representatives that she was not interested and

the representatives terminated the calls.

46. On December 9, 2025 at 4:44pm, Ms. Clark received another unsolicited telemarketing message from Defendant:




47. On December 12, 2025 at 10:24am, Ms. Clark received another telemarketing call from Defendant.

48. This call came from telephone number 469-297-7768.

49. During this call, Defendant attempted to solicit Ms. Clark to purchase a vehicle warranty.

50. On December 15, 2025 at 9:04 am, Ms. Clark received another telemarketing call from Defendant.

51. This call came from 469-297-7768.

52. During this call, the caller stated they were with the "Vehicle Processing Center" and calling about her vehicle and that the call was in regards to the warranty on the vehicle expiring or being expired.

53. The caller then attempted to solicit Ms. Clark to purchase a vehicle warranty.

54. Ms. Clark asked the caller who was calling.

55. The caller stated she was calling with CoverageX and stated that CoverageX partnered with the "local dealership."

56. Upon information and belief, CoverageX places calls and uses generic terms like the "Vehicle Processing Center" to hide its illegal calling campaigns.

57. On December 29, 2025 at 4:25 pm, Ms. Clark received another telemarketing call from Defendant.

58. During this call, Defendant attempted to solicit Ms. Clark to purchase a vehicle warranty.

59. This call came from telephone number (469) 819-4365.

60. During this call, Defendant attempted to solicit Ms. Clark to purchase a vehicle warranty.

61. On January 16, 2026, at 1:43pm, Ms. Clark received another unsolicited telemarketing message from Defendant:




62. The calls and messages placed to Ms. Clark by Defendant were all for the purpose of soliciting Ms. Clark to obtain a vehicle warranty from Defendant.

63. Ms. Clark did not provide prior express invitation or permission or consent for these telephone calls.

64. Ms. Clark did not request any information from Defendant about its products or services.

65. Upon information and belief, Defendant purchased or otherwise acquired "lead lists" and began telemarketing to the telephone numbers on that lead list without properly determining if telephone numbers were on the National Do-Not-Call registry.

66. Defendant's violations were negligent.

67. Alternatively, Defendant's violations were willful and knowing.

68. For example, Defendant's violations were willful and knowing

because Defendant has received and responded to, via the Better Business Bureau[1], numerous consumer complaints about its unsolicited calling practices:

**Initial Complaint**

**Date:** 03/10/2025

**Type:** Customer Service Issues

**Status:** Answered

Over the past 5 or so months I have been receiving non-stop calls, texts, and junk mail from CoverageX. They keep contacting me about a car I have never owned or even driven, let alone inquired about. I have never had coverage or even requested a quote from this company, so Im unsure how they have my information. The texts and calls always come from different numbers, and the letters never have a valid return address. The contact information on the letter is also different from the numbers that have been contacting me. Since I have started being contacted by this company, I have also noticed an influx of spam calls, texts, and emailswhich I do not see as a coincidence. I want them to confirm they will terminate ALL future communications to me.

**Initial Complaint**

**Date:** 02/03/2025

**Type:** Service or Repair Issues

**Status:** Answered

I have been getting harassed by this company non stop. They keep calling me with robo calls. I'm on the do not call list and have told them to stop calling me. I'm sick of it. They have water my time and harassed me and my family for weeks. I want to be compensated for the harrassment.

**Initial Complaint**

**Date:** 11/25/2024

**Type:** Service or Repair Issues

**Status:** Answered

This company has called me many times over the last week. They claim that they are just doing a "courtesy call" due to no response to mailings before closing the account. I have told them to go ahead and close it. I do not recall ever asking for information or quotes from them. I have asked them to discontinue calling me every time I have answered their calls. As of today(11/25/2024), this has happened five times in the last week.

[1] *See* https://www.bbb.org/us/ca/costa-mesa/profile/extended-warranty-contract-service-companies/coveragex-1126-1000116361/complaints (last accessed Jan. 4, 2026).

**Initial Complaint**

**Date:** 10/29/2024

**Type:** Service or Repair Issues

**Status:** Answered

I keep receiving phone calls from Individuals who claim to be from this Company....They call me different names when they call my cell phone in greeting me, but have my cell phone number and always claim to be calling about a [redacted] this AM a woman by the name of [redacted] called and spelled out Coverex's name and provided the 800 phone # to this business. I asked her as to why I kept receiving calls when I had repeatedly asked that my phone number be removed..she asked if I wanted to speak to a supervisor, then all I got was empty space so assume they were just trying to avoid me. I have no way to document this but am registering a complaint.

**Initial Complaint**

**Date:** 07/17/2024

**Type:** Service or Repair Issues

**Status:** Resolved

Coverage X has been calling non stop about a coverage of my car but I don't have a car and I can't drive. I've been trying to ask them to take me off their list and stop calling. After hearing I can't drive, they always follow up on asking if any of my family members can drive. I really want them to stop calling.

69. Based on the numerous consumer reviews complaining about unwanted and unsolicited telemarketing calls lodged with the BBB, Defendant has taken no action to curb its abusive and illegal telemarketing practices and Plaintiff and class members remain vulnerable to continued harassment from Defendant.

70. Defendant has also been a defendant in TCPA lawsuits. *See,* e.g., *Robertson v. CoverageX, LLC*, No. 8:24-cv-01744-JWH-KES (C.D.Cal.) and *Camer v. CoverageX, LLC*, No. 2:25-cv-00139-JB-B (S.D. Ala.).

71. Defendant will continue to violate the TCPA and ignore consumers' privacy rights unless and until it is enjoined from doing so.

72. Ms. Clark and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. Defendant's telephone calls were annoying and a nuisance, and wasted the time of Ms. Clark and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

73. Defendant used systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

74. Defendant made two or more telephone solicitations to Ms. Clark, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

75. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Ms. Clark is entitled to $500 per call through 47 U.S.C. § 227(c).

76. Ms. Clark is entitled to $1,500 per call if Defendant's actions are

found to be knowing or willful.

77. In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

78. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

79. Accordingly, Ms. Clark is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

80. Plaintiff is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

81. In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

82. Defendant violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration

certificate from the Office of the Secretary of State.

83. Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

84. In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## CLASS ACTION ALLEGATIONS

85. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three proposed "Classes," as defined as follows:

### THE TCPA CLASS

> Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.
>
> ("Registry Class")

### THE TEXAS CLASSES

> Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.
>
> ("Texas § 302.101 Class")

> Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(b) or (2) Defendant placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(c).
>
> ("Texas § 305.053 Class")

(The Registry Class, Texas § 302.101 Class, and Texas § 305.053 Class are collectively referred to herein as the "Classes.")

86. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

87. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

88. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

a. The time period(s) during which Defendant or its agent made the telephone calls;
b. The telephone numbers to which Defendant or its agent made telephone calls;
c. The telephone numbers for which Defendant had prior express written consent;
d. The purposes of such telephone calls; and
e. The names and addresses of Class members.

89. The Classes are comprised of hundreds, if not thousands, of individuals.

90. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a. Whether Defendant makes telemarketing calls;
b. Whether Defendant obtains prior express written consent;
c. Whether Defendant o make solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;
d. Whether Defendant had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations into Texas;
e. Whether Defendant's statutory violations were willful and knowing; and
f. Whether Defendant should be enjoined from engaging in such conduct in the future.

91. Plaintiff is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent and while her telephone number was on the National Do-Not-Call Registry.

92. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

93. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the

Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

94. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

95. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

96. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

97. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

98. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

99. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

100. Ms. Clark and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

101. Defendant made, or had made on its behalf, telephone solicitations to Ms. Clark's and putative Registry Class Members' telephone numbers.

102. Ms. Clark's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

103. Ms. Clark and putative Registry Class Members each received two or more such calls in a 12-month period.

104. Ms. Clark and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

105. Ms. Clark and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of Texas § 302.101**
**(On Behalf of Plaintiff and the Texas § 302.101 Class)**

106. Ms. Clark and the proposed Texas § 302.101 Class incorporate the foregoing allegations as if fully set forth herein.

107. Defendant failed to obtain a registration certificate from the Office of the Secretary of State pursuant to violated § 302.101 of the Texas Business and Commerce Code.

108. Defendant placed, or had placed on its behalf, telephone solicitations to Ms. Clark's and Texas § 302.101 Class Members' telephone numbers.

109. Defendant's telephone solicitations were made from a location in Texas or to a Plaintiff and Texas § 302.101 Class Members located in Texas.

110. Ms. Clark and Texas § 302.101 Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**THIRD CAUSE OF ACTION**
**Violations of Texas § 305.053**
**(On Behalf of Plaintiff and the Texas § 305.053 Class)**

111. Ms. Clark and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

112. Defendant placed, or had placed on its behalf, in a 12-month period more than one prerecorded telemarketing telephone calls to Ms. Clark's and Texas § 305.053 Class Members' telephone numbers.

113. Each of these calls violated 47 U.S.C. § 227(c).

114. Plaintiff and Texas § 305.053 Class Members are entitled to:

a. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

a. the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b); and

b. the greater of $1,500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs, including the costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d);and

G. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted this 9th Day of February, 2026.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff